# 2009 DTA 87

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE ARECIBO**

DEPARTAMENTO DE LA FAMILIA
Peticionario

v.

JOHANNA E. RIVERA MONTAÑEZ
RecurridA

Núm. KLCE-2009-00615

San Juan, Puerto Rico, a 2 de junio de 2009

Panel integrado por su Presidente, el Juez Aponte Hernández, y los Jueces Escribano Medina y Cabán García

Escribano Medina, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos el Procurador General, en representación del Procurador de Asuntos de la Familia, para solicitar que revoquemos una resolución emitida por el Tribunal de Primera Instancia, Sala de Arecibo, en sala abierta el 1 de abril de 2009 y vertida en minuta fechada el día 2 de ese mismo mes y año. En la referida resolución, el tribunal a *quo* revocó la decisión tomada en la vista de emergencia celebrada el 13 de agosto de 2008, por entender que se violentó el debido proceso de ley de la parte demandada-recurrida. Por consiguiente, ordenó al Departamento de la Familia entregar a los cuatro (4) menores a la parte demandada-recurrida, so pena de desacato, dentro de las próximas veinticuatro (24) horas.

Por los fundamentos que a continuación expondremos, se expide el recurso de *certiorari* y revocamos la resolución recurrida. Por consiguiente, se devuelve el caso al foro de origen para que se celebre una vista de ratificación de la remoción de los cuatro (4) menores de su hogar materno, *según lo dispone el Artículo 39 de la Ley Núm. 177, supra.*

### I

Este caso da inicio el 12 de julio de 2007 con la presentación ante el TPI de una petición de emergencia por parte del Departamento de la Familia para adquirir la custodia de los menores K.L.R., A.N.R., E.G.R. y C.G.R. debido a que éstos estaban siendo víctima de actos lascivos por parte de su padrastro, el señor Edgard González Nieves. El 9 de enero de 2008, se celebró la vista inicial de custodia. Escuchada la prueba testifical y examinada la prueba documental, el TPI determinó que, en cuanto a la menor K.L.R., la remoción se hizo conforme a derecho, de acuerdo con la Ley Núm. 177 de 1 de agosto de 2003, según enmendada, conocida como la "Ley para el Bienestar y la Protección Integral de la Niñez". No obstante, entendió que no fue así en cuanto a los menores A.N.R., E.G.R. y C.G.R. Ante tal situación, ordenó la entrega inmediata de la custodia legal de éstos a su madre, la señora Johanna E. Rivera Montañez. Finalmente, señaló una vista de seguimiento en cuanto a la menor K.L.R. para el 19 de marzo de 2008.

En la vista celebrada el 30 de abril de 2008, el Departamento de la Familia recomendó que se le devolviera la custodia física de la menor a su madre, debido a que ésta había cumplido con el plan de servicios. El Tribunal acogió dicha recomendación e indicó que, una vez culminaran las terapias, se procedería con la entrega de la custodia legal. La vista de disposición final quedó señalada para el 13 de agosto de 2008.

Así las cosas, el 8 de agosto de 2008, la señora Rivera Montañez presentó una moción por derecho propio para solicitar permiso para llevarse a los menores a los Estados Unidos. En la vista señalada para el 13 de

agosto de 2008, el Procurador de Asuntos de la Familia, el Lcdo. Nelson Bassatt Torres, indicó al Tribunal que, conforme le había informado el Departamento de la Familia, luego de que se le entregó a la madre la custodia física de K.L.R., comenzaron a ocurrir nuevos actos de maltrato contra esta última y sus hermanos.

Ante la incomparecencia del abogado de la parte demandada-recurrida, el Procurador de Asuntos de la Familia expresó no tener objeción a que la vista fuera suspendida. No obstante, indicó que el cambio en las circunstancias del caso ameritaba que se protegiera a los menores ordenando su remoción y permitiéndole al Departamento de la Familia ubicarlos en un hogar de crianza. Por entender que era una situación de emergencia, el TPI declaró con lugar la solicitud del Procurador. Además, le prohibió a la demandada-recurrida abandonar la jurisdicción de Puerto Rico, a menos que el Tribunal se lo autorizara, y suspendió las relaciones materno-filiales. La vista final de custodia quedó señalada para el 3 de diciembre de 2008.

El 28 de agosto de 2008, el Departamento de la Familia presentó una moción para solicitar que se dejara sin efecto el señalamiento del 3 de diciembre de 2008 y se pautara de manera urgente una vista para ratificar la remoción de emergencia de los menores A.N.R., E.G.R. y C.G.R. Alegó que el Artículo 39 de la Ley Núm. 177, *supra,* requiere que dicha vista se celebre dentro de los veinte (20) días siguientes a la fecha en que el TPI ordene la remoción de emergencia.

Luego de varios incidentes procesales, la vista solicitada por el Departamento de la Familia quedó señalada para el 17 de diciembre de 2008. El 9 de diciembre de 2008, la Trabajadora Social de la referida agencia sometió al tribunal copia del informe de seguimiento de los menores. En la fecha pautada, la demandada-recurrida planteó que en la vista del 13 de agosto de 2008 se le había violado el debido proceso de ley. En específico, señaló que se había ordenado la remoción de los menores sin establecerse en qué consistía el maltrato y cuál era la urgencia para hacer la remoción y que la misma no se había celebrado dentro del término de veinte (20) días que establece el Artículo 39 de la Ley Núm. 177, *supra.* Por último, sostuvo que no existían fundamentos para hacer la remoción de emergencia y que tampoco obraba en el expediente un informe de la trabajadora social que indicara en qué consistía el maltrato.

Por su parte, el Procurador de Familia señaló que se había tomado ese curso de acción, debido a que se trataba de un estado de emergencia, pues la demandada-recurrida tenía intenciones de abandonar la jurisdicción de Puerto Rico. Indicó, además, que el informe rendido por la Trabajadora Social en la vista del 13 de agosto de 2008 formaba parte del expediente del tribunal. El foro apelado acogió la recomendación de la Trabajadora Social de no reanudar las relaciones materno-filiales. Finalmente, el TPI ordenó que se transcribiera la vista del 13 de agosto de 2008 y le concedió a la parte demandada-recurrida un término de veinte (20) días para someter un memorando de derecho. Igual término le concedió al Procurador, una vez se presentara el referido escrito.

En vista celebrada el 18 de febrero de 2008, la parte demandada-recurrida informó al Tribunal que no había podido presentar el memorando de derecho solicitado, debido a que la regrabación de la vista del 13 de agosto de 2008 le había sido entregada el día anterior. El juez a cargo de la vista hizo constar para récord que de la grabación de la referida vista no surgía que se hubiese desfilado prueba, así como tampoco que se hubiese tomado conocimiento del informe rendido por la Trabajadora Social. Asimismo, aclaró que la vista del 13 de agosto de 2008 no había sido una vista de ratificación, sino una a los efectos de entregarle la custodia legal de uno de los menores a la demandada-recurrida. Aclaró que ante las circunstancias suscitadas en dicha ocasión, se había ordenado la remoción de los menores. Ante tal planteamiento, el Departamento de la Familia aclaró que dicha agencia no tiene un proceso específico a seguir para solicitar la remoción de unos menores y que, inclusive, la misma se puede hacer de manera verbal. Por su parte, la parte demandada-recurrida reiteró su argumento de que la vista de ratificación no fue señalada dentro del término que requiere la Ley Núm. 177, *supra,* e indicó su preocupación en cuanto a que la señora Rivera Montañez no se había relacionado con sus hijos desde el 13 de agosto de 2008. Finalmente, la Trabajadora Social expresó no tener inconveniente en que se dieran las relaciones materno-filiales, siempre y cuando fueran supervisadas.

Luego de escuchados los planteamientos de todas las partes y de concederles un término adicional de quince (15) días para presentar sus memorandos de derecho, el TPI autorizó las relaciones materno-filiales supervisadas y de acuerdo a la forma en que fueran coordinadas por la Trabajadora Social. Finalmente, se señaló la vista inicial para el 1ro de abril de 2009.

El día señalado, el TPI atendió únicamente la controversia en torno a la alegada violación al debido proceso de ley. Así pues, determinó en corte abierta que el procedimiento de remoción de custodia seguido en la vista del 13 de agosto de 2008 no fue conforme a derecho, por lo que ordenó que se le devolviera la custodia física y legal de los cuatro (4) menores a su madre.

Inconforme con dicha determinación, el Procurador de Asuntos de la Familia, a través del Procurador General, acude ante nos mediante el presente recurso en el que alega que el tribunal *a quo* incidió en los siguientes errores:

"1. Abusó de su discreción el TPI al atender únicamente la controversia procesal suscitada cuando era necesario también tomar en consideración el mejor bienestar de los menores que es el fin primordial en estos procedimientos.

2. Abusó de su discreción el TPI al ordenar que se le devolviera a la recurrida la custodia de los menores A.N. R., E.G.R. y C.G.R. sin tener los elementos de juicio suficientes para determinar si, en efecto, era su mejor bienestar.

3. Abusó de su discreción el TPI al ordenar que se le devolviera a la recurrida la custodia de la menor K.L.R. sin haber celebrado una vista de disposición final."

## II

Como es sabido, el Estado, en el ejercicio de su poder de *parens patriae*, tiene el deber y obligación de velar por el mejor bienestar e interés de los menores. Esta responsabilidad toma mayor importancia en los casos que exhiben la posibilidad de que un niño sea víctima de maltrato o negligencia.

Ante la realidad de la alta incidencia de maltrato infantil en nuestro país, se creó la Ley Núm. 177 del 1 de agosto de 2003, 8 L.P.R.A. sec. 444 *et seq*, *supra*, la cual persigue vigilar por la seguridad de los menores. Esta legislación establece como política pública del Estado Libre Asociado de Puerto Rico "asegurar el mejor interés, la protección y el bienestar integral de la infancia y la adolescencia, y que en el deber de asegurar ese bienestar, deben proveerse oportunidades y esfuerzos razonables que permitan conservar *los vínculos familiares y comunitarios* **cuando ello no les perjudique.** Además, cuando haya sido necesaria la protección mediante la remoción, debe facilitarse la oportunidad de reunificar al menor con su familia, **siempre que sea en su mejor interés.**" (Énfasis nuestro.) Artículo 3 de la Ley Núm. 177, *supra*, 8 L.P.R.A. sec. 444 nt.

El Artículo 4 de la Ley Núm. 177, *supra*, 8 L.P.R.A. sec. 444a, dispone, entre otras cosas, que el Departamento de la Familia investigará las situaciones de maltrato, en sus modalidades de maltrato institucional, maltrato por negligencia y/o maltrato por negligencia institucional. *Estrella v. Figueroa*, Op. de 26 de marzo de 2007, 170 D.P.R. ___ (2007), **2007 J.T.S. 62**, pág. 1115. Asimismo, tendrá la responsabilidad primaria de realizar los esfuerzos necesarios mediante programas dirigidos a la prevención, identificación, investigación y tratamiento de las situaciones de maltrato, maltrato institucional, maltrato por negligencia y/o maltrato por negligencia institucional. *Id.*

El Artículo 23 de esa misma ley permite la remoción de emergencia de un menor en los casos en que:

"(a) El padre, la madre o persona responsable del menor no estén accesibles, a pesar de los esfuerzos

realizados para localizarlos, o no consientan a que se les remueva el menor;

(b) Cuando notificar al padre, a la madre o a la persona responsable del menor aumentaría el riesgo inminente de grave daño al menor o a otra persona.

(c) El riesgo es de tal naturaleza que no haya tiempo para solicitar la custodia al tribunal.

[...]".

La custodia de emergencia a que se refiere este Artículo no podrá exceder de veinticuatro (24) horas, salvo en los casos que se diligencie y obtenga una autorización del tribunal, mediante el procedimiento establecido en esta Ley; o en aquellas circunstancias en que no se haya podido obtener dicha autorización por estar el Tribunal en receso. 8 L.P.R.A. sec. 446b.

Luego de conocer la situación de maltrato, el Secretario del Departamento "podrá comparecer ante- el Tribunal de Primera Instancia, quien tendrá jurisdicción para emitir órdenes de protección, otorgar la custodia de emergencia, provisional o permanente, privar del ejercicio de la patria potestad al padre y/o madre del menor, según sea solicitado y cualquier otro remedio que garantice el mejor interés del menor". Art. 31, *supra,* sec. 447. Siempre se requiere la presencia del Procurador de Asuntos de la Familia para defender "los intereses de cualquier menor de quien se alegue en el tribunal que es víctima de maltrato, maltrato institucional, negligencia y/o negligencia institucional". Art. 32, *supra,* sec. 447a.

Tras obtener la custodia de emergencia de un menor, el Artículo 35 de la Ley Núm. 177, *supra,* autoriza al Departamento a "comparecer y declarar bajo juramento, ante un Juez del Tribunal de Primera Instancia, en forma breve y sencilla, mediante un formulario preparado por la Oficina de la Administración de Tribunales al efecto, los hechos específicos que dan base a solicitar la protección del menor mediante una remoción. El tribunal tomará la determinación que considere más adecuada para el mejor interés del menor, incluyendo una orden para que inmediatamente se ponga al menor bajo la custodia del Departamento, que se efectúe el tratamiento médico de que se trate o concediendo custodia de emergencia. [...]". 8 L.P.R.A. sec. 447f.

Luego de ser removido el menor, el Tribunal deberá celebrar una vista en una Sala de Asuntos de Familia del Tribunal de Primera Instancia dentro de los veinte (20) días siguientes a la determinación hecha por el juez de primera instancia —municipal o superior— sobre la remoción de emergencia. Después de considerar la prueba presentada, si la Sala Superior de Asuntos de Familia del Tribunal de Primera Instancia "determina que existen las circunstancias que motivaron la remoción y la custodia de emergencia, u otras condiciones que requieren dicha acción, concederá la custodia provisional al Departamento y señalará vista de seguimiento". Art. 39 de la Ley Núm. 177, *supra*, sec. 447h.

Dispone la ley que cuando un menor es removido de su hogar, el Departamento de la Familia realizará esfuerzos razonables para reunificarlo con su familia por un período que no excederá de los doce meses. Art. 50 de la Ley Núm. 177, *supra,* sec. 447s. Sin embargo, esta función tiene que armonizarse con el deber de velar por el mejor bienestar e interés del menor que es la política pública que promueve la Ley Núm. 177, *supra*. Por lo tanto, de no promover dicho norte, los esfuerzos razonables no deben realizarse.

En *Pérez, Ex parte v. Depto. de la Familia,* 147 D.P.R. 556, 565 (1999), el Tribunal Supremo expresó que la reintegración de un menor a su hogar biológico se debe llevar a cabo, siempre que no exista ningún tipo de riesgo para su salud y bienestar. Por otro lado, en *Rivera v. Morales,* 167 D.P.R. 280, 290 (2006), se dijo que el derecho de un progenitor a tener a sus hijos e hijas en su compañía, aunque de superior jerarquía, tiene que ceder ante la facultad de *parens patriae* del Estado de salvaguardar y proteger el bienestar de los menores. *Ortiz v. Meléndez,* 164 D.P.R. 16 (2005); *Pena v. Pena,* 164 D.P.R. 949 (2005).

## III

Del expediente ante nos surge que en la resolución recurrida el TPI entendió que en la vista del 13 de agosto de 2008 se violentó el debido proceso de ley de la parte demandada, la madre de los menores, ya que no se le permitió estar asistida de un abogado, no se desfiló prueba testimonial ni documental, así como tampoco se le solicitó al tribunal que tomara conocimiento judicial del informe de la Trabajadora Social.

Una lectura de la normativa expuesta en la parte II de esta opinión, nos lleva a coincidir con el foro recurrido en cuanto a que en la vista del 13 de agosto de 2008 se violentó el debido proceso de ley de la parte demandada, ya que no se observaron los requisitos del Artículo 39 de la Ley Núm. 77, *supra*. Del expediente surge que la actuación del juez que presidió la referida vista respondió al cambio drástico ocurrido en las circunstancias del caso y al riesgo que éstas representaban para los menores. Esto, unido a lo expuesto por la Trabajadora Social en el informe que se hizo formar parte del expediente del caso, llevó al juez a entender que existía una situación de emergencia que ameritaba remover a los menores de su hogar materno y colocarlos bajo la custodia del Departamento de Familia. No obstante, no nos corresponde a nosotros en este momento revisar tal determinación. La controversia ante nuestra consideración, se circunscribe a revisar la determinación tomada en la vista del 1ro de abril de 2009 donde se pasó juicio sobre la actuación del juez que presidió la vista del 13 de agosto de 2008.

Fíjese que, debido a que la vista del 13 de agosto de 2008 pasó de ser una vista final para convertirse en una de remoción de emergencia, la vista del 1ro de abril de 2009 vino a constituir una vista de ratificación cuyo propósito era el de ratificar la remoción de emergencia que se hizo de los cuatro (4) menores en la vista anterior, de conformidad con el Artículo 39 de la Ley Núm. 177, *supra*. Siendo así, lo que procedía entonces era que el Tribunal permitiera el desfile de prueba —incluyendo el informe de la Trabajadora Social— a los efectos de poder determinar si existían las circunstancias que motivaron la remoción de los menores y, de ser así, proceder a entregar la custodia provisional de éstos al Departamento de la Familia. Ese era el momento propicio para que la madre de los menores planteara sus defensas y reclamara su derecho a retener la custodia de los menores. No obstante, no fue así.

El juez que presidió la vista del 1ro de abril de 2009 se limitó a atender el planteamiento sobre violación al debido proceso de ley de la parte demandada sin entrar en ningún momento a considerar cuál era el mejor bienestar de los menores. Si bien es cierto que el tribunal estaba obligado a pasar juicio sobre las supuestas irregularidades ocurridas en la vista del 13 de agosto de 2008, la realidad es que éste no podía eludir su obligación primordial de evaluar la condición de los menores y velar por el mejor bienestar de éstos. Lo cierto es que las irregularidades de la vista del 13 de agosto de 2008 podían haber sido subsanadas en esa misma vista si el Tribunal la hubiese convertido en una de ratificación y hubiese permitido el desfile de prueba por las partes.

Un análisis de la resolución recurrida nos lleva a concluir que el proceder del foro recurrido no fue el más adecuado. El ánimo del juez de resolver la controversia procesal del caso, no podía llevarlo a eludir su función primordial, consistente en propiciar la rápida atención y disposición del caso, particularmente cuando estaba en juego la protección de cuatro (4) menores de edad en un entorno familiar que la Trabajadora Social consideró inadecuado y perjudicial para la salud, tanto física como emocional de éstos. El deber del foro de instancia era atender prioritariamente la controversia sobre la custodia *de facto* de los menores. Las circunstancias particulares del presente caso, nos lleva a concluir que erró el foro recurrido al ordenar la entrega de los cuatro (4) menores a su madre bajo el fundamento de que la remoción de emergencia de éstos no se hizo conforme a derecho, sin haber celebrado una vista de ratificación y sin tener los elementos de juicio suficientes para determinar si, en efecto, era su mejor bienestar. Por lo tanto, resolvemos que los tres (3) señalamientos de error fueron cometidos.

## IV

Por los fundamentos antes expuestos, se expide el recurso de *certiorari* y revocamos la resolución recurrida. Por consiguiente, se devuelve el caso al foro de origen para que se celebre una vista de ratificación de la remoción de los cuatro (4) menores de su hogar materno, según lo dispone el Artículo 39 de la Ley Núm. 177, *supra*.

Lo acordó el Tribunal y lo certifica la señora Secretaria.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones